NO. 07-03-0491-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

MARCH 5, 2004

_____

FELIPE RODRIQUEZ, JR., APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 140TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2003-403154; HONORABLE JIM BOB DARNELL, JUDGE

_____

Before QUINN and REAVIS and CAMPBELL, JJ.

**MEMORANDUM OPINION**

Felipe Rodriquez, Jr., appellant, pleaded guilty to the offense of driving while intoxicated, enhanced by three prior convictions for driving while intoxicated, and on August 14, 2003, the trial court sentenced him to eight years confinement in the Institutional Division of the Texas Department of Criminal Justice. He filed a pro se notice of appeal with this court on November 12, 2003.

Our appellate jurisdiction over a criminal appeal is triggered through a timely notice of appeal. *Olivo v. State*, 918 S.W.2d 519, 522 (Tex.Crim.App. 1996). In the absence of a notice of appeal timely filed in compliance with the requirements of Rule of Appellate Procedure 26, a court of appeals does not obtain jurisdiction to address the merits of the appeal in a criminal case, and can take no action other than to dismiss the appeal. *Slaton v. State*, 981 S.W.2d 208, 210 (Tex.Crim.App. 1998). As applicable here, Rule of Appellate Procedure 26.2(a) requires a notice of appeal in a criminal case be filed within 30 days after the day sentence is imposed or suspended in open court, unless a timely motion for new trial is filed.

Here, the court imposed Rodriquez's sentence on August 14, 2003. The record before us does not indicate that he filed a motion for new trial. Consequently, his notice of appeal was untimely. Appellant's failure to file a timely notice of appeal prevents this court from having jurisdiction over his appeal.

The appeal is dismissed for want of jurisdiction.


James T. Campbell
Justice

Do not publish.